UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CLAUDE COX
A/K/A LISA LEE DUKE                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:12CV-P162-R

LADONNA THOMPSON *et al.*                                                         DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Claude Cox, also known as Lisa Lee Duke, filed the instant *pro se* civil action. This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Title 28, United States Code, section 1915 governs proceedings *in forma pauperis* and provides, in pertinent part, as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The only exception to the limitation noted in § 1915(g) is if the prisoner is "under imminent danger of serious physical injury." *Id.*

A review of the Court's records reveals that the criteria set forth in subsection (g) apply to this action. Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous,

malicious, or failed to state a claim upon which relief may be granted.  *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S.  Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g).  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Further, Plaintiff does not allege that he is presently "under imminent danger of serious physical injury."

For these reasons, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis*.

**IT IS THEREFORE ORDERED** that the application to proceed without prepayment of fees (DN 3) is **DENIED**.  **Plaintiff must pay the requisite $350.00 filing fee for the instant action within 30 days from entry of this Order**.  The check shall be made payable to **"Clerk, U.S. District Court"** and sent to the following address:  Office of the Clerk, United States District Court, Western District of Kentucky, 106 Gene Snyder U. S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202-2249.

**Plaintiff is WARNED that his failure to comply with this Order within the time allotted will result in dismissal of the action and his continued responsibility for payment of the $350.00 filing fee.**  *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

The **Clerk of Court is DIRECTED to open an account** for the payment of the filing fee.

Date:

cc: Plaintiff, *pro se*
    Financial Section, USDC, WDKY
4413.005